Thank you. Fourth case for argument today is United States v. Price. Mr. Stephenson. Good morning, Your Honors. May it please the Court, Adam Stephenson on behalf of Michael Price. Mr. Price's appeal addresses two concerns relating to the application of a four-level offense enhancement under the United States Sentencing Guidelines for committing a felony in connection with the possession of a firearm. The first is with regard to a self-defense claim that Mr. Price raised and that the District Court rejected outright without any manner of analysis. The second is with regard to the application of relevant conduct principles to the enhancement and the underlying felony, given especially that the alleged underlying felony was committed with a second firearm, not the firearm that was the factual basis for the guilty plea. I would appreciate your addressing the question as to whether Price can make a claim of self-defense when he was the initial aggressor. I would really like to hear your reasoning on that because I may have missed it, but I wasn't certain that was addressed to my satisfaction in the brief. Yes, Your Honor. With regard to Mr. Price's version of events or narrative, he went to the location that evening to retrieve property that he believed to be stolen from him. At that time, when he was at that property, he was confronted by an occupant. A struggle ensued, and then that struggle is what led to the discharge of the firearm into the residence, which was the underlying criminal recklessness felony on which the enhancement was based. So the self-defense claim is with regard to the struggle and then the subsequent discharge of the firearm. To that point, there is no indication that Mr. Price, apart from his possession of a firearm that was found in his truck, had engaged in illicit or illegal conduct of the type that would be illegal provocation for the purposes of negating self-defense. Counsel, I have the same question as Judge Roedner. If I understand the United States' contention, it's a reliance on Indiana Code 3541.32.G.3, which doesn't talk about illegal conduct. It talks about who initiated the confrontation. Isn't it true that even on your client's version of the facts, he initiated the confrontation? Insofar as he went to the residence to retrieve his stolen property, and that is sufficient initiation, yes, he did. However, it is Mr. Price's contention that the events leading to the self-defense, the physical altercation, was by the third-party individual. Do you have some Indiana case that draws that distinction? I do not at this time, Your Honor. I'm happy to file a supplement. Well, it's too late for that. The statute doesn't seem to draw that distinction. That's why I'm asking. Your Honor, with regard to the affirmative defense here and self-defense here, one of the unfortunate aspects of Mr. Price's sentencing was that this was not able to be addressed at full at the sentencing. You addressed these things in written submissions, right? You could have covered this in the brief here or the reply brief. You don't have to wait to talk to a judge to analyze the meaning of a state statute. No, Your Honor, but the question Mr. Price would like to raise is whether the district court even entertained discussion of self-defense. And that's something I wanted to raise with you because the background rule for sentencing in federal courts permits the district court to consider any evidence the district judge wants to consider. And so I don't see any reason why a district judge would not be entitled to consider a possible affirmative defense. And maybe this district judge was too quick to say, oh, that's an affirmative defense. I don't have to think about it. But then I reach the point that you've been discussing with Judges Easterbrook and Rovner, and I don't think there's any harm in the district judge not considering an affirmative defense that was utterly without merit. And if you look at the Indiana cases, they use terms, I'm looking at Wilson against State from the Supreme Court of that state in 2002. A mutual combatant, the court says, whether or not the initial aggressor, quote, must declare an armistice before he or she may claim self-defense. And Mr. Price didn't declare any kind of armistice in the middle of all of this. I just don't see how there's the slightest merit to this self-defense argument, in which case, even if you're right that there was an error in not spending a little more time on it by the district court, it's a harmless error. Judge Wood, that very well may be. With regard to trial counsel, which I was not, I can't speak to their approach at sentencing. There may have been more discussion, but when the district court indicated that this is an affirmative defense, it would not matter. It is apparent that the trial counsel tried the other objection that it had, and that was with regard to the second firearm being relevant conduct. And with regard to the second firearm being relevant conduct, Mr. Price's concern here is with regard to the court's acceptance of explicitly and wholly the PSR as its factual basis for the purposes of the enhancement. Judges do that all the time. Of course. And the concern is the PSR specifically indicates that the possession of a firearm was committed, or excuse me, the commission of an underlying felony was while possessing a firearm. But the government argues that there were two firearms involved, maybe one that he throws down on the ground and one that stays in the truck, but that he does have contemporaneous possession of the one that's pertinent to this part of the charge. The district court did not make specifically that finding. The government does raise a number of facts that it attempted to raise at sentencing, but it did not specifically make that finding or give credit to that finding in its enhancement analysis. The government makes a number of claims based upon alleged witnesses, based upon statements, but the district court at the end of the day specifically and without addition takes the PSR as its factual basis. And by doing so, focuses on timing. Contemporaneous possession, which this court in LaPage said is not itself enough. And the district, or excuse me, the government cites to two cases out of the Ninth and the Fifth Circuit, Parler and Reed, and that actually demonstrates a unique aspect of this case. In the case of underlying drug offenses, or now burglary offenses, there is a specific application note 14 that indicates contemporaneous or proximate possession in those underlying felonies is enough. However, everything else, as this court mentioned in Clinton, requires greater review of the relevant conduct analysis in order to make sure that this enhancement does not sweep so broadly as to capture every single felony offense connected solely in time to that of a possession of a firearm. Well, if Christ doesn't deny that he got into his truck with a gun, went to collect the stolen jewelry, and if not, how is the possession of the gun not connected to his attempt to collect that stolen property, including the subsequent criminally reckless act of firing into a house? Your Honor, based on the information in the PSR, the handgun, the semi-automatic handgun that was the factual basis of the plea here was in the truck, was found in the truck by law enforcement to a subsequent traffic stop. There's no information indicating that it left the truck. The handgun, on the other hand, was the firearm that was discharged on the property, not from the truck, and that was brought by the third party in Mr. Price's position. So there is a disconnect. Yes, the firearm was within the truck at the residence, but did not leave the truck and was eventually seized from the truck by law enforcement. Unless Your Honors have further questions, I'd like to reserve the remainder of my time. Thank you. Certainly, Mr. Stevenson. Mr. Reitz. May it please the Court, Brian Reitz for the United States. To start, we of course don't agree that the judge was limited to the PSR, but for purposes here, I would like to accept that and let's say that the district court judge was limited to the PSR. Well, PSR paragraph 11 includes Mr. Price's statement that he picked up a revolver and shot it into the house. That neatly disposes of both the self-defense claim and the claim that the two guns weren't connected. So even if the court were to limit… I'm a little lost there. The district judge seemed to think that the legal standard in the guidelines was whether you committed one felony while committing another, rather than that the one felony occur in connection with the other crime. If I understand what the district judge said, if the Taurus had been sitting in Price's home, locked in a safe, and he had arrived at the scene with a knife and used the knife to commit a common law battery, that would have led to an enhancement. Because he used the knife, violating state law, while he was possessing the Taurus, even though the Taurus had nothing conceivably to do with the second offense. Don't you think that's a problem? I don't think that's what the district court was doing. Now, I understand that the arson comparison maybe could be taken to that extent, but even if it could… That's what the district judge said, that the inquiry was whether one felony occurred while another was ongoing, rather than whether the two were connected. I don't see a finding by the district judge that these two are connected, that one occurred in connection with the other. That's the magic phrase. I think the judge did so by saying it was part of the same beef. The beef, to use the judge's term, the confrontation that Mr. Price started connected the two guns. Either he brought two guns to a fight he started, or he brought one gun that he unlawfully possessed and picked up another gun during the same confrontation. So they're connected temporally and locationally, and the district judge's finding about the beef connected them together. To whatever extent the arson comparison may lead to overly broad factual findings, the judge's pinpointing about the beef connected the two guns together. And on the self-defense, we would just say, I think here Mr. Price admitted that he essentially… So, excuse me. I mean, so in your view then, it's critical that the Taurus isn't at home locked up in the garage, that he throws it into the truck as he, or whatever, the truck, as he goes over there. I mean, maybe to have it on hand or whatever, I don't know. But how important is it that the Taurus, that he brings the Taurus with him, but then doesn't take it out of the truck as he approaches the house? I don't know if it's dispositive, but it is important. I think the fact that Mr. Price took the Taurus to the confrontation allowed the district court, and allows this court to sort of avoid those thorny… But did the district court make the connection? Your brief says that Price might have brought the Taurus as backup. Did the district court make that finding? No, I think the district court, there was a factual dispute about whether Mr. Price brought the revolver. And I think the district court judge wisely decided it didn't matter whether he brought the revolver or picked up the revolver when he was bringing the Taurus, connected all the fences together. So I think what the district court judge was avoid that factual dispute between the parties. Would the case have been different if Mr. Price… Well, you've got to have something that establishes in connection, right? That's what the guidelines say. You can't say, well, I'm just going to find that, but avoid making any finding a fact that would show the connection. But again, I think the district judge tied them together by the brief. District judge's problem is that he misunderstands the rule. District judge identified the rule the same way the pre-sentence report did, as whether one crime is committed while committing another crime. If you state the wrong legal rule, it's easy to understand why you didn't make the right findings. The judge did mention while, but I think the judge then took efforts to connect them by the fight. So that was the district judge's finding that the beef that Mr. Price initiated tied the two guns together, tied the revolver to the possession of the Taurus. Because Mr. Price initiated an encounter with… That might be why he can't argue self-defense, but it doesn't mean that using the actual shooting was in connection with the Taurus. The only way I could imagine it is if the Taurus were there as backup. If I fail with that gun, I'll go run and get my other gun. That's the very finding that the judge didn't make. I think it's fair that the judge didn't say that, but I think it was underlying everything. The judge, by saying, if you brought both guns, then both guns were inherently part of the confrontation. If you only brought one and used the other one, they're still part of the confrontation. I guess I don't think the district judge needed to say more than they were in connection because they were connected by the confrontation that Mr. Price started. I think what you're trying to say is it's because the gun is what emboldened him to go and get the jewelry back. Is that what you're saying? Essentially. This started with Mr. Price believing, rightly or wrongly, that property was stolen by him. He went there with a gun or two guns to initiate an encounter and get the jewelry back. Yes, the presence of either or both guns emboldened him to do so. During the fight, even accepting the facts in his view, he obtained another gun and shot it during this confrontation. So his unlawful possession of a firearm caused this confrontation. That's what led to his arrest. This whole dispute stems from the prosecutor's decision not to charge him possessing the gun that he actually shot. The superseding indictment did identify plural guns. Of course, the guilty plea was the Taurus. Perhaps the better way to look at it is that by pleading guilty to the one that he didn't shoot, he was hoping to explicate the two guns from sentencing. But they are still together. They were charged in the superseding indictment contemporaneously. Is the transcript of Price's recorded statement in the district court record? No, I think Mr. Price's point on that is well taken. I was probably a little cavalier about sending that up, trying to be expeditious as opposed to sending up the disc. I considered his statement so intrinsic to the case, it's mentioned at the guilty plea hearing, the sentencing transcript, and the PSR, that I felt it was intrinsic. But there was no citation to anything. It was just this random thing. You're correct. I think the better course of action perhaps would have been to move to supplement the record to send the transcript up. To the extent I did not, I apologize on that point. Did it need to be? Did it need to be in order for the district court to make use of it? No, certainly I don't think so. Its foundation is in the PSR. All the parties discussed it. I don't think there's been any objection from Mr. Price below or now the consideration of his statement. The district court fairly considered it. The transcript, I think that what's in the PSR is sufficient for both of our arguments. The supplemental appendix I don't think is necessarily dispositive to this court's decision. PSR at paragraph 11 includes the substance of Mr. Price's statement. On that, if there are no further questions, we'd ask the court to affirm. Thank you, counsel. Anything further, Mr. Stevenson? Yes, Your Honors. Quickly on rebuttal, Judge Easterbrook, as you indicated, and as Application Note 14 of 2K2.1 says, we must look to the weapon facilitating the offense. The government indicates that there was perhaps some emboldening or that this was part of the same beef, which was discussed at sentencing, but again, we get back to the actual factual findings made, and explicitly it was just the PSR that formed the factual basis. And with regard to the same beef, now we have sort of a shifting sands. The same beef being the confrontation the night of versus what was the government's allegations of the same beef, including conversations occurring the night prior. Again, we have to look what the district court's factual findings are. Those factual findings are critical for the relevant conduct analysis. Thank you, Your Honors. Thank you, Mr. Stevenson. We appreciate your willingness and that of your students and that of the Legal Aid Clinic to accept the appointment in this case and your assistance to the court as well as your client. Thank you. The case is taken under advisement.